OPINION OF THE COURT
Martin G. Karopkin, J.
The instant dockets are being consolidated only for the purposes of this decision and are unrelated as to the criminal transactions which are alleged.
At issue is the prosecutor’s use of a document purporting to be "certification pursuant to CPL 180.80 (2) (b)”.
In each of these cases, the Assistant District Attorney "certified” and signed a paper marked as noted, which stated that on the date specified, "the Grand Jury of Kings County voted to return a prosecutor’s information” as to the named defendant and docket.
A review of CPL 180.80, however, indicates that subdivision *471 (2) (a) permits the District Attorney to file a certification that an indictment has been voted, while paragraph (b) requires that an indictment, or a prosecutor’s information, based upon conduct alleged in the felony complaint, must actually have already been filed.
While much was written about the problems of computation prior to the 1982 statutory amendment, little has been published thereafter concerning the relaxed procedures under which a defendant may be continued in custody.
Nowhere in the statute is there any provision for certification that a Grand Jury "voted to return a prosecutor’s information”. In fact, the statute clearly approves such certification only as to a voted indictment. The very next paragraph refers specifically to prosecutor’s informations in the limited context of an already accomplished filing. If the Legislature had wished to approve certification of "voted” prosecutor’s informations, it would obviously have included such a reference in subdivision (2) (a) rather than in just subdivision (2) (b) alone. (See, recommendation of Assembly Bill A1141 B, Senate Bill S10601, by Nassau County District Attorney, Denis Dillon, July 13,1982 [included in Bill Jacket to L 1982, ch 557].)
As such, the court finds that the terms of CPL 180.80 are quite specific and that the statutory construction does not allow us to authorize such an, instrument as is now being offered by the prosecutor. (See also, McKinney’s Cons Laws of NY, Book 1, Statutes § 233.)
It should also be noted that although the People were given adequate time to prepare a written memorandum of law prior to the formal memorialization of this decision, they have not done so.
Accordingly, the defense applications for release must be granted in each of these cases pursuant to CPL 180.80.